**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re:<br><br>Dale Leroy Tomlinson, Nancy Jean Tomlinson<br><br>　　　　　Debtor(s). | CASE NO.  18-01867<br>CHAPTER 7 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)**

　　　　Bayview Loan Servicing, LLC ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 455 E 1st St, Earlham, IA 50072 (the "Property").  In support of this Motion, Movant respectfully states:

　　　　1.　　　　A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on August 20, 2018.

　　　　2.　　　　Pursuant to a certain Note and Mortgage, all obligations of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property.  Copies of the Note, Mortgage, and Assignment of Mortgage (if applicable) are attached hereto.

　　　　3.　　　　As of August 22, 2018, the outstanding amount due is $94,720.14.

　　　　4.　　　　The debtor is due contractually for the May 1, 2018 payment, a default of 4 months, in the amount of $3,102.84.

　　　　5.　　　　The estimated market value of the Property is $85,000.00.  The basis for such valuation is Debtor(s)' Schedule A and Schedule D.

　　　　6.　　　　Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $94,720.14.

　　　　7.　　　　Cause exists for relief from the automatic stay for the following reasons:

　　　　A. Movant's interest in the Property is not adequately protected.

　　　　B. Movant's interest in the collateral is not protected by an adequate equity cushion.

　　　　C. The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

D. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Terminating the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

Respectfully submitted:

s/Aaron Ginkens
Aaron Ginkens
AT0002872
Attorney for Creditor

Aaron Ginkens
The Wirbicki Law Group LLC
Attorney for Creditor
33 W Monroe Street
Suite 1540
Chicago, IL 60603
Phone: 855-891-6777
Fax: 312-572-7823

**THIS COMMUNICATION IS FROM A "DEBT COLLECTOR." (15USC 1692a)**